

**RUSH MOORE LLP**
A Limited Liability Law Partnership, LLP

J. STEPHEN STREET       1573-0
REGINAULD T. HARRIS     7516-0
Mauka Tower, Suite 2400
737 Bishop Street
Honolulu, Hawaii  96813
Telephone No.: (808) 521-0400
e-mail: jsstreet@rmhawaii.com
        rharris@rmhawaii.com

Attorneys for Plaintiff
DOUGLAS PEEBLES, dba
DOUGLAS PEEBLES PHOTOGRAPHY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 0 2006

at 2 o'clock and ___ min ___ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS PEEBLES dba DOUGLAS PEEBLES PHOTOGRAPHY<br><br>              Plaintiff,<br><br>    vs.<br><br>LAHAINA PRINTSELLERS, LTD dba LAHAINA GICLEE; CHARLENE E. WALKER; ALAN D.C. WALKER; BRYANT NEAL; EFREN ERESE; RICARDO SAN PEDRO; MICHAEL DAVID; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10<br><br>              Defendants. | CIVIL NO. **C V 06   U 0 u 5 6**   **HG**<br>(Copyright Infringement)   **BMK**<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT; EXHIBITS "A"-"D"; SUMMONS |

# ORIGINAL

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

COMES NOW Plaintiff DOUGLAS PEEBLES, dba DOUGLAS PEEBLES PHOTOGRAPHY ("Plaintiff"), by his attorneys, and for his complaint alleges as follows:

### THE PARTIES

1.    Plaintiff DOUGLAS PEEBLES is a resident of the State of Hawaii, with his principal place of business at 44-527A Kaneohe Bay Drive, Kaneohe, Hawaii 96823-2810.

2.    Upon information and belief, LAHAINA PRINTSELLERS, LTD dba LAHAINA GICLEE ("Lahaina Printsellers") is a Hawaii corporation doing business in Hawaii at 1013 Limahana Place, Lahaina, Hawaii  96761.

3.    Upon information and belief, Defendant CHARLENE E. WALKER is a natural person residing in the State of Hawaii.

4.    Upon information and belief, Defendant ALAN D.C. WALKER is a natural person residing in the State of Hawaii.

5.    Upon information and belief, Defendant BRYANT NEAL is a natural person residing in the State of Hawaii.

6.    Upon information and belief, Defendant EFREN ERISE is a natural person residing in the Phillippines.

7.    Upon information and belief, Defendant RICARDO SAN PEDRO is a natural person residing in the Phillippines.

8.    Upon information and belief, Defendant MICHAEL DAVID is a natural person residing in the State of Hawaii.

9.    Upon information and belief, Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10 (hereinafter collectively referred to as "Doe Defendants") are persons, corporations, partnerships, business entities and/or governmental entities who have and continue to willfully infringe upon Plaintiff's copyright protected photographic works for purposes of obtaining commercial advantage to the detriment of Plaintiff, and for private financial gain.  Plaintiff has been unable to ascertain the names and identities of the above-named Doe Defendants from the investigation it has conducted to date.  Accordingly, Plaintiff has sued the unidentified Doe Defendants herein with fictitious names, and Plaintiff will substitute the true names, identities, capacities, acts and/or admissions of the Doe Defendants when the same are ascertained.

## JURISDICTION AND VENUE

10.   This is an action for preliminary and permanent injunctive relief and damages arising from copyright infringements of Plaintiff's works in violation of the United States Copyright Act, 17 U.S.C. §§ 101-803 by Defendants LAHAINA PRINTSELLERS, LTD dba LAHAINA GICLEE; CHARLENE E. WALKER; ALAN D.C. WALKER; BRYANT NEAL; EFREN ERESE; RICARDO SAN PEDRO; MICHAEL DAVID; and DOE DEFENDANTS (Collectively "Defendants").

11.   This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

12.   Venue is proper in this district under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b), and § 1391(c).

## FACTS COMMON TO ALL CAUSES OF ACTION

13.   The copyright protected works at issue in this action consists of approximately 40 or more photographic works created by Plaintiff for which Plaintiff is the sole owner.  At least sixteen (16) of these numerous photographic works at issue have been registered by Plaintiff or on his behalf with the United States Copyright Office under four different Certificates of Registration.  The official Certificate of Registration numbers for Plaintiff's photographic works that have been registered with the United States Copyright Office are as follows:

| Copyright Registration | Effective Date |
|---|---|
| VA 863-783 | November 6, 1997 |
| VA 1-021-592 | July 5, 2000 |
| VA 1-113-639 | March 19, 2001 |
| VA 1-120-588 | October 9, 2001 |

These Certificates of Registration grant Plaintiff exclusive rights and privileges in the copyrighted works under the United States Copyright Act.

14.   Attached as Exhibit A is a true and accurate copy of a Corbis Corporation Copyright Retrieval Certificate for United States Copyright Office Certificate of Registration No. VA 863-783 that covers Plaintiff's photographic works.

15.   Attached as Exhibit B is a true and accurate copy of copyright registration search results for the book Hawaii's Beautiful Islands, The Island of Maui from the United States Copyright Office website indicating that Plaintiff's photographs appearing in the book are registered with the United States Copyright Office under Certificate of Registration VA 1-021-592.

16.   Attached as Exhibit C is a true and accurate copy of a Corbis Corporation Copyright Retrieval Certificate for United States Copyright Office Certificate of Registration No. VA 1-113-639 that covers Plaintiff's photographic works.

17.   Attached as Exhibit D is a true and accurate copy of Certificate of Registration VA 1-120-588 that covers Plaintiff's photographic works included in his Pacific Images Catalog and CD.

18.   Plaintiff's registration of the remaining photographic works that are at issue in this complaint has not been completed.  The copyright registration for these images is pending.  Nevertheless, these photographic works are the intellectual property of Plaintiff and are subject to protection as copyrighted works under the United States Copyright Act.

19.   None of the said photographic works were "works for hire."

20.   Plaintiff's photographic works at issue in this action have been published in three different copyright protected books containing Plaintiff's photographic works depicting scenes and images from locations in the State of Hawaii and other islands in the Pacific.

21.   In 1987, Plaintiff's copyright protected photographic works were published in the book, Pua Nani Hawaii is a Garden, published by Mutual Publishing (reprinted in 2004 as Hawaii is a Garden).  The cover and the inside title page of Hawaii is a Garden indicate that Plaintiff owns the copyright to the photographs appearing in the book.

22.   Defendants made and sold copies of Plaintiff's photographic works published in Hawaii is a Garden, including Plaintiff's photographic works

that have been registered with the United States Copyright Office under Certificate of Registration VA 863-783, without Plaintiff's license, authorization, or consent. See, Exhibit A.

23.     Plaintiff's copyright protected photographic works were also published in the book, Hawaii's Beautiful Islands, The Island of Maui in 1987. Said book was published by Hawaiian Resources. The cover of the book, and the inside title page of the book indicate that Plaintiff owns the copyright to the photographs appearing in the book.

24.     Defendants made and sold copies of Plaintiff's photographic works published in Hawaii's Beautiful Islands, The Island of Maui, without Plaintiff's license, authorization or consent. Plaintiff's photographic works that appear in Hawaii's Beautiful Islands, The Island of Maui, are registered with the United States Copyright Office under Certificate of Registration VA 1-021-592. See, Exhibit B.

25.     Some of Plaintiff's copyright protected photographic works at issue in this action were published in the book, Maui, written by Jan TenBruggencate and published by Mutual Publishing in 2000. The cover of the book, and the inside title page of the book indicate that Plaintiff owns the copyright to photographs appearing in the book.

26.     Defendants made and sold copies of Plaintiff's photographic works published in the book, <u>Maui</u>, including Plaintiff's photographic works that have been registered with the United States Copyright Office under Certificates of Registration VA 863-783 and VA 1-113-639, without Plaintiff's license, authorization, or consent. <u>See</u>, Exhibits A and C.

27.     Plaintiff's copyright protected photographic works have been and are also presently available for viewing on Plaintiff's website, www.douglaspeebles.com.  Plaintiff's website indicates that images of photographic works on the website are available only for free, non-commercial uses only unless persons otherwise obtain permission from Plaintiff.  Images of photographic works appearing on Plaintiff's website are included among Plaintiff's photographic on his Pacific Images Catalog and CD that is registered with the United States Copyright Office under Certificate of Registration VA 1-120-588. <u>See</u>, Exhibit D.

28.     At a time presently unknown to Plaintiff, Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants obtained copies of said books containing Plaintiff's copyrighted photographic works, and/or obtained digital images of Plaintiff's copyrighted photographic works from Plaintiff's website and copied them onto canvases by making oil paintings of Plaintiff's copyright protected photographic works

without Plaintiff's license, authorization, or consent.  Defendants then made and sold copies of those oil paintings through a process known as giclee, without Plaintiff's license, authorization, or consent.

29.    Giclee is an ink-jet printing process using high-resolution, fade-resistant inks for making fine art from large format digital images.  Giclee has been increasingly used by artists and photographers as a less expensive alternative to lithography to create reproductions of works of art.

30.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants then distributed for sale and for commercial benefit said giclee produced copies of Plaintiff's photographic works and oil painted copies of Plaintiff's copyright protected photographic works at art galleries in Lahaina and Kaanapali in the State of Hawaii owned by Defendant Lahaina Printsellers, Ltd. dba Lahaina Giclee,  without Plaintiff's license or consent.

31.    Plaintiff is informed and believes, and on the basis of such information belief alleges that Defendants have represented and continue to represent to the public that giclee produced copies of Plaintiff's photographic works are original works of art created by Defendant Efren Erese, Defendant Ricardo San Pedro, and Defendant David Michael, among other artists.

32.    Plaintiff is informed and believes, and on the basis of such information and belief alleges that in addition to selling giclee produced copies of Plaintiff's photographic works at the art galleries of Defendant Lahaina Printsellers, Ltd., Defendants sold giclee produced copies of Plaintiff's photographic works on the internet through the website Printsellers.com at www.printsellers.com, without Plaintiff's license or consent.

33.    Plaintiff is informed and believes, and on the basis of such information and belief alleges that the website Printsellers.com is owned and operated by Defendant Lahaina Printsellers, Ltd. in conjunction with its art galleries that are physically located in Lahaina and Kaanapali, in the State of Hawaii.

34.    Plaintiff is informed and believes, and on the basis of such information and belief alleges that Defendants also have sold and continue to sell giclee produced copies of Plaintiff's copyright protected photographic works on the internet through the internet website Ebay (www.ebay.http://stores.ebay.com/Lahaina-Giclee) through an on-line store called "Lahaina Giclee" that is operated on the Ebay website by Defendants.  Said sales on the Ebay website by Defendants have been and continue to be without Plaintiff's consent.

35.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants continue to reproduce infringing copies of Plaintiff's photographic work, and distribute and sell said copies of Plaintiff's photographic works through Defendant Lahaina Printsellers, Ltd. galleries in Lahaina and Kaanapali, as well as over the internet, both without Plaintiff's license, authorization, or consent.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

36.    Plaintiff restates and realleges each of the allegations contained in paragraphs 1- 35 as if fully stated herein.

37.    Plaintiff is the sole registered owner of the copyrights of the photographic works at issue, and maintains all rights of attribution for his photographic works at issue that have not yet been registered with the United States Copyright Office.  None of the said photographic works at issue has been licensed to Defendants in any way.

38.    Defendants have misappropriated Plaintiff's copyright protected photographic works and engaged in unauthorized use and copying of Plaintiff's copyright protected photographic works by making and selling oil painted copies and giclee copies of Plaintiff's photographic works, and by making digital electronic copies of Plaintiff's photographic works for Defendants' private

financial benefit.  Defendants' acts constitute unprivileged copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101-803.

39.   Defendants have also committed acts constituting unprivileged copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101-803, by copying and displaying digital images of Plaintiff's copyright protected photographic works on the internet via Defendants' web sites for the purpose of selling goods in interstate and foreign commerce for Defendants' commercial benefit and private financial gain, without authorization or license from Plaintiff.

40.   Defendants will continue, unless restrained, to use Plaintiff's copyright protected photographs, causing irreparable damage to Plaintiff, for which Plaintiff has no adequate remedy of law.  Defendants' unlawful sales of copies of Plaintiff's original photographic works will severely diminish the value of the original works by diluting the market and destroying the distinctiveness of the works and their identity as being the exclusive property of Plaintiff. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale by Plaintiff of his own works. Plaintiff is entitled to a temporary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement.

41.    Defendants, by their unauthorized appropriation and use of Plaintiff's original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original works.

42.    Because Defendants have used Plaintiff's copyrighted photograph without license, infringing the exclusive rights of the Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing copies of Plaintiff's photographic works, including any digital or electronic copies, and any transparencies or improperly acquired likenesses of Plaintiff's photographic works impounded while this action is pending.

43.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.  Plaintiff is entitled to recover from Defendants damages he has sustained as a result of these wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of copyright infringement.

44.    Plaintiff is also entitled to recover from Defendants any gains, profits, or advantages Defendants have obtained as a result of their wrongful acts.

Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

45.    Plaintiff is additionally entitled to recover from Defendants statutory damages.

46.    Plaintiff is further entitled to costs and a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DOUGLAS PEEBLES, dba DOUGLAS PEEBLES PHOTOGRAPHY prays:

A.    That this Court enter an injunction temporarily and permanently enjoining and restraining Defendants and their directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from manufacturing, creating, distributing, introducing into commerce, marketing, selling, soliciting, posting, promoting any copies of Plaintiff's photographic works, or otherwise committing any other acts constituting copyright infringement of Plaintiff's copyrighted photographic works;

B.    That this Court enter an order requiring Defendants and their directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants to return to Plaintiff immediately any and all merchandise, oil paintings, giclees, prints, and copies bearing images of

Plaintiff's copyright protected photographic works; or in the alternative that the Court order that these items be impounded and/or destroyed or disposed of in another reasonable fashion;

C.   That this Court enter an order requiring Defendants and their directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants to return to Plaintiff immediately any and all records or files (whether in paper or electronic form), including digital images of copies of Plaintiff's photographic works, relating to the production, inventory, orders, sales, proceeds from sales, commissions from sales, and shipments of any and all copies of Plaintiff's photographic works made by Defendants for sale, for display in any venue, or for marketing by Defendants; or in the alternative, that the Court order that these items must be impounded and/or destroyed or disposed of in another reasonable fashion;

D.   That this Court enter an injunction temporarily and permanently enjoining and restraining Defendants and their directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from making payments or authorizing any payments to any persons for work in producing copies of Plaintiff's photographic works, or for proceeds related to sales of copies of Plaintiff's photographic works;

E.    That Defendants be required to pay such damages as Plaintiff has sustained, and any profits Defendants have gained as a consequence of Defendants' unlawful acts, or in the alternative to pay statutory damages pursuant to 17 U.S.C. § 504 ( c );

F.    That Defendants be required to pay costs, including a reasonable attorney's fee to Plaintiff pursuant to 17 U.S.C. § 505;

G.    That Plaintiff be granted such other and further relief as the Court may deem just and proper.

DATED:  Honolulu, Hawaii, January **20**, 2006.


J. STEPHEN STREET
REGINAULD T. HARRIS
Attorneys for Plaintiff
DOUGLAS PEEBLES, dba
DOUGLAS PEEBLES PHOTOGRAPHY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS PEEBLES dba DOUGLAS PEEBLES PHOTOGRAPHY<br><br>        Plaintiff,<br><br>    vs.<br><br>LAHAINA PRINTSELLERS, LTD dba LAHAINA GICLEE; CHARLENE E. WALKER; ALAN D.C. WALKER; BRYANT NEAL; EFREN ERESE; RICARDO SAN PEDRO; MICHAEL DAVID; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10<br><br>        Defendants. | ) CIVIL NO. _____<br>) (Copyright Infringement)<br>)<br>) SUMMONS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS

TO:     LAHAINA PRINTSELLERS, LTD. dba LAHAINA GICLEE
c/o Charlene E. Walker
1013 Limahana Place
Lahaina, Hawaii 96761

BRYANT NEAL

ALAN D. C. WALKER

CHARLENE E. WALKER

EFREN ERESE

RICARDO SAN PEDRO

MICHAEL DAVID


YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's Attorney J. Stephen Street of RUSH MOORE LLP, A LIMITED LIABILITY LAW PARTNERSHIP, LLP, whose address is Mauka Tower, Suite 2400, 737 Bishop Street, Honolulu, Hawaii 96813, an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this SUMMONS upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in this complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


_____
SUE BEITIA
CLERK

JAN 2 0 2006
_____
DATE

_____
(By) DEPUTY CLERK

S:\Wpdata\JSStreet\PEEBLES 9931\LahainaPrintsellers 36022\Complaint-Cpyrt-5.wpd          2